**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

DOUGHERTY + CHAVEZ ARCHITECTS, P.A.
and JOSEPH P. DOUGHERTY

      Plaintiffs,

v.                                    Case No.: 3:07cv376/MCR/EMT

HOUSTON CASUALTY COMPANY,

      Defendant.
_____/

**O R D E R**

      Plaintiffs Dougherty + Chavez Architects, P.A. and Joseph P. Dougherty ("plaintiffs") initially filed this action in the Circuit Court of Okaloosa County, Florida. Defendant Houston Casualty Company ("defendant") then removed the case to this court. Pending before the court is plaintiffs' Amended Motion to Remand. (Doc. 10). For the reasons that follow, plaintiffs' motion is GRANTED.

**Background**

      Plaintiff Dougherty + Chavez Architects, P.A. ("DCA") is a Florida corporation with its principal place of business located in Okaloosa County, Florida. DCA is in the business of providing architectural services. Plaintiff Joseph P. Dougherty is a Florida citizen, a licensed Florida architect, and a director and shareholder of DCA. DCA holds a professional liability insurance policy which was issued by defendant, a Texas corporation with its principal place of business in Houston, Texas. This policy designates DCA and Dougherty as beneficiaries. Plaintiffs made a claim on the policy for defense and indemnity concerning a suit filed by Gateway/Le Jardin Development Company, L.L.C. in the Circuit Court of Walton County ("the Walton County suit").[1] Defendant denied plaintiffs'

---

[1] The Walton County suit also included claims against W.G. Yates and Sons Construction Company, which is not a party to this action.

claim and declined to defend or indemnify plaintiffs. Consequently, plaintiffs filed this action against defendant in the Circuit Court of Okaloosa County, Florida, on August 8, 2007. In their complaint, plaintiffs seek damages for breach of contract and a declaratory judgment as to defendant's duty to defend and/or indemnify plaintiffs against the allegations involved in the Walton County suit. Defendant removed the case to this court on September 4, 2007, pursuant to the court's diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446. Plaintiffs have now filed the pending amended motion to remand arguing that remand is appropriate because defendant has failed to establish the required jurisdictional amount in controversy.

**Legal Standards**

Any civil case filed in state court may be removed to federal court by the defendant if the case could have been brought originally in federal court. See 28 U.S.C. § 1441(a); Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). A removing defendant has the burden of establishing both federal jurisdiction and compliance with the procedures for removal set forth in 28 U.S.C. § 1446, as a matter of fact and law. See Leonard v. Enterprise Rent A Car, 279 F.3d 967, 972 (11th Cir. 2002); Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir. 1998). Because removal is a statutory right it "should be construed strictly in favor of state court jurisdiction." Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); see also University of Southern Alabama v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999); Pacheco de Perez v. AT & T Co., 139 F.3rd 1368, 1373 (11th Cir. 1998). In order for a federal court to have jurisdiction over a case pursuant to the diversity statute, the amount in controversy must exceed $75,000, exclusive of costs and interest, and there must be complete diversity of citizenship. See 28 U.S.C. § 1332.

After removal, the plaintiff may move to remand to state court pursuant to 28 U.S.C. § 1447(c). A motion to remand based on a removal defect other than lack of subject matter jurisdiction must be made within thirty (30) days after the filing of the notice of removal. 28 U.S.C. § 1447(c). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Id.

The Eleventh Circuit Court of Appeals has recently clarified "how a district court must proceed in evaluating its jurisdiction after removal." Lowery v. Alabama Power Co., 483 F.3d 1184, 1187 (11th Cir. 2007).[2] In Lowery, the court held that "in the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Id. at 1208 (citing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356-57 (11th Cir. 1996) overruled on other grounds Cohen v. Office Depot, Inc., 204 F.3d 1069, 1072 (11th Cir. 2000)). The court then went on to explain that, under 28 U.S.C. § 1446(b), removal may be premised on either the plaintiff's initial pleading, such as a complaint, or "a copy of an amended pleading, motion, order or other paper." Id. at 1212-13. If, however, removal is based on a document other than the plaintiff's initial pleading, this document must have been supplied by the plaintiff. Id. at 1213 n.63, 1215. The court then concluded that "in assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff - be it the initial complaint or a later received paper - and determines whether that document and the notice of removal [the removing documents] unambiguously establish federal jurisdiction." Id. at 1213. The court cautioned that if the jurisdictional amount is not clear from the face of or readily deducible from the removing documents, then "the court must remand." Id. at 1211. Therefore, under the approach adopted in Lowery, jurisdiction "is either evident from the removing documents or remand is appropriate." Id. The defendant and the court may not speculate about the amount in controversy, nor should the district court's jurisdiction be "divined by looking to the stars." Id. at 1215.

**Discussion**

Defendant removed this case pursuant to the court's diversity jurisdiction.[3] The parties do not dispute that there is complete diversity of citizenship. Therefore, the only

---

[2] Although Lowery was decided in a Class Action Fairness Act ("CAFA") case, its holdings are not limited to that context. See Constant v. Int'l House of Pancakes, Inc., 487 F.Supp.2d 1308 (N.D.Ala. 2007).

[3] Defendant's notice of removal does not allege that removal is appropriate under the court's federal question jurisdiction.

Case No.: 3:07cv376/MCR/EMT

jurisdictional issue is whether the amount in controversy requirement has been satisfied.

In their complaint, plaintiffs allege that "[t]he amount in controversy exceeds $15,000."[4] (Doc. 1 at 7). In its notice of removal defendant alleges that "[t]he damages Plaintiffs seek and that are at issue in the underlying action exceed the jurisdictional requirement of 28 U.S.C. § 1332(a)(1)." (Doc. 1 at 2). These documents do not "unambiguously" establish that the amount in controversy requirement has been satisfied. See Williams v. Best Buy Co., 269 F.3d 1316, 1319-20 (11th Cir. 2001) ("[A] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden.")

Defendant contends in its response to the amended motion to remand that the amount in controversy requirement is satisfied by a demand letter drafted by plaintiffs on January 18, 2007, in which plaintiffs estimate that the claims in the underlying lawsuit are for approximately $5,600,000. While defendant attached this demand letter to its response to the amended motion to remand, the letter was not attached to defendant's notice of removal. As the Eleventh Circuit made clear in Lowery, in assessing the propriety of a removal which is challenged within thirty days of the removal, "the district court has before it only the limited universe of evidence available when the motion to remand is filed - i.e., the notice of removal and accompanying documents."[5] Lowery, 483 F.3d at 1213-14, 1219. "If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt

---

[4] The court notes that plaintiffs attached to their complaint the policy issued by defendant, which shows that the limit of liability for the policy is $2,000,000. (Doc. 1 at 11). There are no allegations in the complaint, however, which identify the value of plaintiffs' claim in relation to this limit of liability and therefore this figure is insufficient to satisfy the amount in controversy requirement. See Martins v. Empire Indem. Ins. Co., 2008 WL 783762 *2 (S.D.Fla. Mar. 21, 2008) (collecting cases).

[5] Because plaintiffs filed their amended motion to remand within thirty days of defendant's removal, the court's assessment is limited to the removing documents. See Lowery, 483 F.3d at 1213 n. 64. The court notes, however, that if a plaintiff challenges removal after the thirty-day period has lapsed "the court may look to any relevant information the parties may present, up until the time of the challenge to jurisdiction." Id. This is because in such a situation, "the court is no longer considering the propriety of the removal, but instead, whether *subject matter jurisdiction* exists at all." Id. (citations omitted) (emphasis in original).

to make up for the notice's failings." Id. at 1214-15 (citing Lindsey v. Ala. Tel. Co., 572 F.2d 593, 595 (5th Cir. 1978)). Therefore, because this demand letter was not included with defendant's notice of removal, it cannot now be produced in order to satisfy the amount in controversy requirement.[6]

The jurisdictional amount is not clearly stated on the face of or readily deducible from the removing documents. Therefore, under Lowery, defendant has failed to carry its burden of establishing the jurisdictional amount by a preponderance of the evidence and the case must be remanded.[7]

Accordingly, it is ORDERED:

1. Plaintiffs' Amended Motion to Remand (doc. 10) is GRANTED.
2. This case is REMANDED to the Circuit Court of Okaloosa County, Florida.
3. The Clerk is directed to take appropriate steps to effect the remand.

---

[6] The court in Lowery recognized that "there are some exceptions to the rule that the [district] court is limited to considering the removing documents." Lowery, 483 F.3d at 1214 n. 66. Specifically, the court noted that "in some limited circumstances, a defendant may effectively amend a defective notice of removal upon receipt of additional evidence" including the situation where "after filing an insufficient notice of removal but before remand is ordered, the defendant receives a paper from the plaintiff that would itself provide sufficient grounds for removal." Id. This exception for "post-removal evidence" is inapplicable here, however, because the demand letter was provided to defendant before the case was removed.

[7] Defendant argues in the alternative that the court should hold an evidentiary hearing to determine whether the amount in controversy exceeds $75,000. In support of this argument, defendant relies on Williams v. Best Buy Co., 269 F.3d 1316, 1319-20 (11th Cir. 2001). The Eleventh Circuit in Lowery, however, held that the application of Williams was limited to only those situations in which "the notice of removal asserts the jurisdictional amount and the plaintiff does *not* challenge that assertion in the district court." Lowery, 483 F.3d at 1215 n. 69 (quoting Williams, 269 F.3d at 1321) (emphasis added in Lowery)). The Lowery court expressly rejected the invitation to "read Williams broadly" to apply when a plaintiff timely challenges the propriety of a removal. Id. This is because when a plaintiff does not timely challenge the propriety of a removal, as in Williams, the court must determine whether subject matter jurisdiction exists at all. Id. at 1213 n.64. In conducting this analysis, the court may look to any relevant information the parties present. Id. When a plaintiff timely challenges the propriety of the removal, however, as was the case in Lowery and is the case here, then the court's review is limited to the removing documents. Id. Therefore, in this latter situation, a district court "should not insert itself into the fray by granting leave for the defendant to conduct discovery or by engaging in its own discovery." Id. at 1218 (footnote omitted). The court in Lowery believed that allowing such a practice "impermissibly lightens the defendant's burden of establishing jurisdiction" and requires the court to "participate in a one-sided subversion of the rules." Id. Instead, the court held that where discovery is needed to satisfy the jurisdictional requirements for diversity, "[t]he proper course is remand." Id. (footnotes omitted). In this case, therefore, it would be inappropriate to permit defendant or the court to conduct discovery to remedy the inadequacy of the notice of removal.

Case No.: 3:07cv376/MCR/EMT

4.  All motions pending other than the Amended Motion to Remand are left for resolution by the Circuit Court of Okaloosa County, Florida following remand.

DONE and ORDERED this 13th day of June, 2008.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**